# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       )
                           )
     v.               )     ID No. 2210001670
                           )
NEHEMIAH P. JACKSON   )
                           )
       Defendant.    )

## ORDER DENYING MOTON FOR APPOINTMENT
## OF POSTCONVICTION COUNSEL

**AND NOW TO WIT,** this 7th day of August, 2024, the Court having duly considered Nehemiah P. Jackson's ("Jackson") Motion for Appointment of Counsel and the Record, **IT APPEARS THAT**:

(1)    On September 22, 2023, Jackson pled guilty to one count of Manslaughter and one count of Possession of a Firearm During the Commission of a Felony ("PFDCF").[1]  On October 3, 2023, the Court sentenced Jackson as follows: for Manslaughter, 12 years at Level V, suspended after 5 years at Level V for 3 years at Level IV, suspended after 6 months at Level IV for 18 months and Level III; and for PFDCF, 10 years at Level V, suspended after 5 years at Level V for 2 years at

---

[1] D.I. 32.

Level III.[2]  Jackson was sentenced to a total of 10 years of unsuspended Level V time.[3]

(2)     Jackson did not file a direct appeal.

(3)     On June 21, 2024, Jackson filed a *pro se* motion for postconviction relief,[4] and a Motion for Appointment of Counsel.[5]

(4)     Pursuant to Superior Court Criminal Rule 61(e)(2):

> The judge shall appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside: (i) a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under 11 *Del. C.* § 4205(b); (ii) a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and resulted in the imposition of a life sentence under 11 *Del. C.* § 4214; or (iii) a sentence of death.[6]

(5)     Because Jackson pled guilty and did not file a direct appeal he fails to satisfy Rule 61(e)(2)(i).[7]

---

[2] D.I. 36.
[3] *Id.*
[4] D.I. 37.
[5] D.I. 38.
[6] Super. Ct. Crim. R. 61(e)(2).
[7] Jackson does not meet the criteria set forth in Rule 61(e)(4) for the same reasons. *See* Super. Ct. Crim R. 61(e)(4) ("The judge may appoint counsel for any other first postconviction motion only if the judge determines that: (i) the motion is an indigent movant's first timely postconviction motion and request for appointment of counsel; *(ii) the motion seeks to set aside a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review*; (iii) the motion sets forth a substantial claim that the movant received ineffective assistance of trial or appellate counsel; (iv) the motion sets forth a substantial claim that the movant is in custody in violation of the United States Constitution or the Delaware Constitution; (v) granting the motion

2

**WHEREFORE**, Jackson's Motion for Appointment of Postconviction Counsel is **DENIED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

Original to Prothonotary
cc:    Ipek Kurul, Esq., DAG
       Nehemiah Jackson

---

would result in vacatur of the judgment of conviction for which the movant is in custody; *and* (vi) specific exceptional circumstances warrant the appointment of counsel.") (emphasis added).